J-A26013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANDREW GINES :
:
Appellant : No. 2021 EDA 2020

Appeal from the PCRA Order Entered September 28, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000035-2007

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 11, 2022**

Andrew Gines appeals *pro se* from the order that denied his serial

petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

This Court summarized the history of this case as follows when we

affirmed the denial of his last PCRA petition:

> In 2008, a jury convicted [Appellant] of two counts of
> attempted murder, two count of aggravated assault on a police
> officer, and other related crimes following a January 1, 2007
> incident that occurred at the house of his son's girlfriend.
> Eventually, three local police officers responded to the scene.  One
> officer indicated that he was going to conduct a protective sweep
> of the house.  As that officer entered the house, [Appellant] raised
> a handgun, aimed at the officer, and fired two shots.
>
> Although [Appellant] originally entered a guilty plea to
> various charges, he was later permitted to withdraw it.  Prior to
> trial, [Appellant] filed an omnibus pretrial motion in which he
> sought to suppress statements he had made to police after he was
> apprehended.  The trial court denied the motion, and [Appellant]
> proceeded to trial.  At the conclusion of a three-day trial, the jury
> convicted him of the above charges.  On July 22, 2008, the trial

court sentenced [Appellant] to an aggregate term of thirty to sixty years of imprisonment.

Following the denial of his post-sentence motion, [Appellant] filed an appeal to this Court in which he challenged the denial of his suppression motion. Finding no merit to this claim, we affirmed [Appellant's] judgment of sentence on November 30, 2009. *Commonwealth v. Gines*, 990 A.2d 44 (Pa. Super. 2009) (unpublished memorandum). On June 23, 2010, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Gines*, 997 A.2d 1175 (Pa. 2010).

[Appellant] filed a timely *pro* se PCRA petition on June 20, 2011. The PCRA court appointed counsel. Thereafter, PCRA counsel filed a petition to withdraw and "no -merit" letter pursuant to the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988 (*en banc*). On August 3, 2011, the PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. [Appellant] did not file a response. By order entered September 23, 2011, the PCRA court dismissed [Appellant's] petition and granted PCRA counsel's petition to withdraw.

[Appellant] filed a timely *pro se* appeal to this Court. Although [Appellant] raised multiple issues in his Rule 1925(b) statement, we agreed with the PCRA court that his claims were difficult to decipher. *See Commonwealth v. Gines*, 64 A.3d 19 (Pa.Super. 2012), unpublished memorandum at 6-8. Nevertheless, we reviewed and rejected the claims, to the extent possible, and affirmed the order denying post-conviction relief on December 12, 2012. In doing so, we specifically noted [Appellant's] claim that it was "unfair" that he had to proceed without counsel, given that "he is of low intelligence, suffers from depression and anxiety, and is developmentally disabled." Thereafter, our Supreme Court denied [Appellant's] petition for allowance of appeal. In 2014, and again in 2015, [Appellant] unsuccessfully sought relief by filing a second and third *pro se* PCRA petition.

On July 31, 2017, [Appellant] filed [his fourth PCRA petition] and an amended petition on August 14, 2017. On September 14, 2017, the PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.

[Appellant] filed a response. By order entered November 3, 2017, the PCRA court dismissed [Appellant's] petition as untimely filed and otherwise without merit.

***Commonwealth v. Gines***, 209 A.3d 491 (Pa.Super. 2019) (unpublished memorandum at 1-3) (some citations omitted). On appeal, this Court affirmed that, as Appellant's judgment of sentence had become final in 2010, his petition was untimely and met no exceptions to the PCRA's one-year time bar. ***Id***. (unpublished memorandum at 9).

Appellant filed another the *pro se* PCRA petition on July 14, 2020. Therein, he purported to invoke the newly-discovered facts exception to the PCRA's time bar codified at 42 Pa.C.S. § 9545(b)(1)(ii). Although not entirely clear, Appellant appeared to contend that he recently discovered some irregularities in the appointment of counsel for his first PCRA petition and/or concerning counsel's compliance with ***Turner*** and ***Finley*** in obtaining permission to withdraw. ***See*** PCRA Petition, 7/14/20, at 6-12.

On July 16, 2020, Appellant filed what he titled an "Estoppel Petition," in which he indicates that he has been continuously presenting meritorious issues in his petitions and appeals but has been unable to obtain relief because, *inter alia*, the court is "misrepresenting the facts." Estoppel Petition, 7/16/20, at 4. Specifically, Appellant reiterated the alleged ineffectiveness of his trial counsel that he raised in his first PCRA petition and claimed irregularities regarding the presentence investigation and its resultant report, including questioning whether one ever existed. ***Id***. at 1-4. He also purported

to invoke the newly-discovered facts and governmental interference PCRA timeliness exceptions in this filing, indicating that the court's prior determinations amounted to obstruction by a government official and that it had only now become obvious to him. *Id*. at 1.

On July 23, 2020, the PCRA court issued notice of intent to dismiss the latter filing without a hearing as untimely, indicating that it was Appellant's "*pro se* fourth Post Conviction Relief Act (PCRA) Petition erroneously titled 'Estoppel Motion.'"[1]  Notice of Intent to Dismiss, 7/23/20.  Appellant filed a response raising familiar complaints, namely contesting the compliance of counsel and the PCRA court in allowing counsel to withdraw pursuant to **Turner** and **Finley**, maintaining that no presentence investigation was conducted, challenging the adequacy of the mental health assessments he received, and reiterating claims of trial court error and the ineffectiveness of trial counsel.  **See generally** Response to Notice of Intent to Dismiss, 8/11/20.  Appellant further suggested that he was invoking a miscarriage of justice exception to the PCRA's jurisdictional time bar.  *Id*. at 12.

---

[1]  Appellant does not dispute that his estoppel motion, which raises claims cognizable by the PCRA, was properly deemed to be a PCRA petition. **See**, **e.g.**, **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa.Super. 2011) ("We have repeatedly held that ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

On September 28, 2020, the PCRA court entered an order dismissing Appellant's "Fourth Post Conviction Relief Act (PCRA) Petition."[2] Order, 9/28/20. Appellant filed a timely notice of appeal, and the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not comply, and the PCRA court authored an opinion indicating that Appellant had thereby failed to preserve any issues for appellate review. **See** PCRA Court Opinion, 12/9/20, at 1.

In this Court, Appellant filed an objection to the PCRA court's opinion, noting that he had requested additional time to respond to the concise statement order because he was awaiting transcripts and was hampered by COVID-19 lockdown restrictions. **See** Notice of Objection, 12/14/20, at 1-2. This Court remanded the matter to allow Appellant to file his Rule 1925(b) statement and the PCRA court to prepare a supplemental opinion. **See** Order, 1/15/21. Following an additional extension of time, Appellant filed a fifty-seven-page document listing all of his complaints regarding his case dating

---

[2] It does not appear from the certified record that the PCRA court treated the July 16, 2020 "Estoppel Petition" as an amendment to Appellant's July 14, 2020 PCRA petition, or took any action on the July 14 filing. We note that the filing of the July 16 "Estoppel" PCRA petition was not barred by the pendency of the July 14 petition. **See**, **e.g.**, **Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa.Super. 2018) (*en banc*) ("[T]he pendency of a PCRA petition [does] not affect the PCRA court's jurisdiction to consider a subsequent PCRA petition in a case where no PCRA appeal was pending[.]"). However, absent any indication from the PCRA court that its dismissal order encompassed the July 14, 2020 PCRA petition, we conclude that it and the allegations therein are not before us in this appeal.

back to his suppression motion. The PCRA court submitted a new opinion, indicating that Appellant's filing did not comply with Rule 1925(b) such that the court was unable to glean any intelligible issue from it to address. **See** PCRA Court Opinion, 5/5/21, at 1-3.

Appellant filed a brief in this Court that fails to comply with many of the requirements of the Rules of Appellate Procedure, including that it must contain a statement of questions involved. **See** Pa.R.A.P. 2111(a)(4), 2116. However, we glean from the brief that he questions: (1) the propriety of counsel's withdrawal from representing him on his 2011 PCRA petition, Appellant's brief at 3-6; (2) ineffectiveness of PCRA counsel in failing to raise direct appeal counsel's ineffectiveness, **id**. at 6-7; (3) various errors of trial and direct appeal counsel, **id**. at 7-13; (4) the presentence investigation procedure and the trial court's failure to consider mitigating factors, **id**. at 13-16; and (5) the inadequacy of the PCRA court's Rule 907 notice and independent review of the record in connection with Appellant's first PCRA petition, **id**. at 16-18. Under the heading "Due Diligence Analysis," Appellant also includes a discussion of his belief that he has exercised due diligence in conducting the research that allowed him to discover the fact that his conviction is the product of a miscarriage of justice and that "he meets the miscarriage of justice exception for relief." **Id**. at 19.

We begin with a review of the applicable legal principles.

The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record

and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Further, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

*Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up).

"It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019). The PCRA provides as follows regarding the time for filing a PCRA petition:

Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, any petition invoking an exception to the one-year time bar "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Our Supreme Court has made it clear that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (cleaned up). As such, "the courts of Pennsylvania will only entertain a 'miscarriage of justice' claim when the initial timeliness requirement is met." **Commonwealth v. Burton**, 936 A.2d 521, 527 (Pa.Super. 2007).

As detailed above, Appellant's judgment of sentence became final in 2010. Appellant filed the PCRA petition that is the subject of the instant appeal in 2019. Hence, it was facially untimely, and the PCRA court dismissed Appellant's petition on that basis. As also enumerated *supra*, Appellant in his brief mainly presents substantive issues unrelated to the PCRA court's timeliness ruling. We do not discern anywhere in his brief an explanation of how a timeliness exception was invoked in the PCRA court and improperly rejected by that court.

The only discussion in his brief touching on the timeliness question is his "Due Diligence Analysis" which references the newly-discovered facts exception.[3]  This timeliness exception "has two components, which must be alleged and proved.  Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence."  **Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa.Super. 2014) (*en banc)* (cleaned up).

However, Appellant is extremely vague about exactly what facts were unknown to him, let alone where he proffered them to the PCRA court as a basis for finding his petition timely.  Nor does he explain precisely when he discovered these new facts, or why he could not have learned of the earlier.  Moreover, to the extent that Appellant relies upon manifest injustice as a timeliness exception, we have explained that questions of manifest injustice do not become relevant unless and until an enumerated exception is met.  **See Burton**, **supra** at 527.  As such, Appellant has failed to convince us that the PCRA court erred in concluding that his third PCRA petition was untimely filed, a finding fully supported by the record.  Consequently, neither the PCRA court nor this Court has jurisdiction to rule on the merits of the substantive claims raised in his petition, and we need not determine whether Appellant's Rule 1925(b) statement was so prolix to deem his claims waived.

---

[3] Appellant did reference the newly-discovered facts exception early on in his Pa.R.A.P. 1925(b) statement.  **See** Concise Statement, 4/29/21 at 2-3.

Therefore, Appellant has not convinced us that the PCRA court erred in dismissing his "Estoppel Petition" as an untimely, serial PCRA petition, and no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2022